DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Barnett Dossie, ) | |
| ) | CASE NO. 5:07 CV 1696 |
| Petitioner, ) | 5:04 CR 110 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Before the Court is the motion and amended motion[1] of Barnett Dossie (Dossie or Petitioner) for relief pursuant to 28 U.S.C. § 2255 (Documents 64 and 67), the government's brief in opposition (Document 69), and petitioner's reply (Document 70). For the reasons discussed below, petitioner's motion is denied.

I. Basis for Petitioner's Motion

The basis for petitioner's § 2255 motion is ineffective assistance of counsel in Case No. 5:04 CR 110. Petitioner contends that he received ineffective assistance of counsel because counsel:

1) failed to challenge the timing of the government's prosecution following an earlier acquittal on distribution charges;

2) failed to object to the inclusion of criminal history points for a conviction that should have been characterized differently, and therefore not included in the criminal history calculation;

---

[1] Petitioner initially filed a motion pursuant to 28 U.S.C. § 2255 (Document 64), then filed an amended motion (Document 67). Petitioner's amended motion states that it supersedes the originally filed motion. However, the amended motion contains fewer and different grounds than those filed in the original motion. Therefore, the Court will treat the grounds petitioner sets forth in the amended motion to be in addition to, rather than instead of, the original motion.

(5:07 CV 1696)

       3) expressed bias against crack cocaine which "likely" resulted in failure to explore effective defenses;

       4) failed to impeach the credibility of a key government witness with drug trafficking and bail jumping charges;

       5) failed to claim a violation of petitioner's right to a speedy trial;

       6) failed to raise the claim of vindictive prosecution; and

       7) failed to object to the Court's determination of the minimum mandatory sentence.

Dossie's motion states that he was represented by Edwin J. Vargas, Esq. at the preliminary hearing, arraignment and plea, and by William L. Summers, Esq., at the sentencing. Both attorneys are with the firm Summers and Vargas.

## II.  Background

A.    <u>Case Nos. 5:04 CR 110 and 5:03 CR 266</u>

Petitioner was indicted on March 3, 2004, for two counts of distribution of crack cocaine on November 13 and 20, 2002, in violation of 18 U.S.C. § 841(a)(1) and § 841 (b)(1)(B), Case No. 5:04 CR 110. Dossie's counsel, William L. Summers, sought to dismiss the indictment on the basis of double jeopardy because of a prior indictment in Case No. 5:03 CR 266,[2] which resulted in an acquittal (Document No. 29). The government filed a motion in limine to prohibit any reference to Case No. 5:03 CR 266 in Case No. 5:04 CR 110. Dossie's motion to dismiss was denied and the government's motion in limine was granted (Document 36). Dossie subsequently pleaded guilty to both counts of the indictment and entered into a plea agreement.

---

[2] This indictment was for a single count of possession with intent to distribute crack cocaine on March 7, 2003.

2

(5:07 CV 1696)

However, he expressly reserved the right to appeal the Court's denial of his motion to dismiss on grounds of double jeopardy, and to appeal the criminal history determination and imposition of any sentence inconsistent with the plea agreement.  Dossie also preserved his right to claim ineffective assistance of counsel and prosecutorial misconduct.  Document 45 at pp. 6-7.

Notwithstanding his reserved right regarding ineffective assistance of counsel, Dossie acknowledged in his plea agreement that "he has discussed this case and the plea agreement with his attorney in detail and has been advised by his attorney of the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea.  The defendant further declares that he is fully satisfied with the effort, assistance and counsel provided by his attorney."  Document 45 at pp. 9-10.  The "Statement of Counsel" made by Mr. Summers in the plea agreement states that "I have discussed in detail this case and the plea agreement with my client, Barnett Dossie, and have advised him of all matters within the scope of Rule 11, Federal Rules of Criminal Procedure, the constitutional and other rights of an accused, the factual basis for and the nature of the offenses to which the conditional guilty plea will be entered, possible defenses, and the consequences of the guilty pleas."  Document 45 at p. 10.

The Court conducted a sentencing hearing at which Dossie did not object to the pre-sentence report.  Dossie was sentenced to 92 months incarceration followed by four years supervised release.  This sentence represented a downward departure from the mandatory minimum of 120 months.

3

(5:07 CV 1696)

B.  Appeal to the United States Court of Appeals for the Sixth Circuit

Petitioner appealed the Court's denial of his motion to dismiss the indictment and the calculation of his criminal history score to the United States Court of Appeals for the Sixth Circuit Court, and argued that he was entitled to re-sentencing pursuant to *United States v. Booker,* 543 U.S. 220 (2005).  With respect to the motion to dismiss, Dossie argued on appeal that by granting the government's motion in limine and denying his motion to dismiss, "the district court violated his Fifth Amendment Due Process rights, his Sixth Amendment rights to a fair and speedy trial, and ran afoul of Rule 43 of the Federal Rules of Evidence and Rule 48(b) of the Federal Rules of Criminal Procedure.   Dossie argues that the district court should have granted his motion to dismiss based on pre-indictment delay."  Document 59 at p. 5.

With respect to the calculation of the criminal history score, "Dossie argues that the district court erroneously assessed criminal history points for two Akron Municipal Code misdemeanor convictions for occupying a drug premises.  According to Dossie, the assessment of these points increased his criminal history category from category III to category IV."  *Id*.  The Sixth Circuit affirmed the denial of Dossie's motion to dismiss the indictment on double jeopardy/collateral estoppel grounds and found no plain error in the calculation of his criminal history category.  Document 59 at pp. 11 and 18.

III.  Law and Discussion

28 U.S.C. § 2255 provides that "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the

4

(5:07 CV 1696)

prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." In order to obtain relief under § 2255, the petitioner bears the burden of demonstrating that a defect or error of constitutional magnitude has occurred which results in a complete miscarriage of justice. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

In this case, petitioner's claims for relief are based on ineffective assistance of counsel. In order to establish a claim for ineffective assistance of counsel, petitioner must show that: 1) counsel's performance was deficient and fell below the standard of reasonably effective assistance, and 2) counsel's deficient performance was prejudicial to the defendant. *U.S. v. Cox,* 826 F.2d 1518, 1525 (6th Cir. 1987)(citing *Strickland v. Washington*, 466 U.S. 668, 687-697 (1985)).

The two components of the *Strickland* test need not be addressed in order. If there is an insufficient showing with respect to either component, then both need not be addressed. *Cox* at 1525.

With respect to the performance prong of the *Strickland* test, judicial scrutiny of counsel's performance is highly deferential, and there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689; *United States v. Pierce*, 62 F3d. 818, 833 (6th Cir 1995).

With respect to the prejudice prong of the *Strickland* test, the burden is on the petitioner to affirmatively prove prejudice by establishing a reasonable probability that but for counsel's alleged poor performance, the result of the proceedings would have been different. In the context of a guilty plea, petitioner must show that he would have reached a different decision

5

(5:07 CV 1696)

regarding his plea. *O'Hara v. Wigginton,* 24 F.3d 823, 828 (6th Cir. 1994)(citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).[3]

The burden is on the petitioner to overcome the presumption of effective assistance and demonstrate a constitutional violation. *Pierce* at 833 (quoting *United States v. Cronic*, 466 U.S. 648, 658 (1984)). It is from this starting point that the Court must assess Dossie's claims of ineffective assistance of counsel. Each of Dossie's grounds for ineffective assistance of counsel are treated separately below.

1. Ineffective assistance for failure to challenge the timing of the government's prosecution following an earlier acquittal on distribution charges.

In ground one of his § 2255 motion, Dossie states that he "strenuously maintained to defense counsel that double jeopardy was not a viable basis for dismissal, but rather counsel was urged to attack the Government's failure to prosecute Petitioner in a timely manner following Petitioner's acquittal earlier of distribution charges." Document 64 at p. 4.

Petitioner's indictment on March 3, 2004 for the offenses on November 13 and 20, 2002, falls well within the five year statute of limitations of 18 U.S.C. § 3282. Further, Dossie has not demonstrated that even though the indictment occurred within the five year statue of limitations, any delay was prejudicial and intentional by the government in order to gain an advantage and may have violated his due process rights. *U.S. v. Atisha*, 804 F.2d 920, 928 (6th Cir.1986) (quoting *United States v. Lovasco*, 431 U.S. 783, 791 (1983)).

---

[3] The Court notes that in his plea agreement, Dossie expressly agreed that if he proceeded to trial, the government could readily prove beyond a reasonable doubt his offense conduct. Document 45 at p. 7.

6

(5:07 CV 1696)

Beyond stating that he urged counsel to raise the issue of timely prosecution following petitioner's acquittal on an earlier drug charge, petitioner provides no argument or evidence that government intentionally delayed prosecution to gain an advantage or that he was prejudiced as a result. The Court therefore concludes that Dossie has failed to demonstrate that his indictment for the offenses which were the subject of his guilty plea in Case No. 5:04 CR 110 occurred outside of the statute of limitations or that the timing of indictment was prejudicial to Dossie and intended by the government to gain an advantage. Accordingly, Dossie cannot meet his burden of proof that counsel's assistance was ineffective.

2) Ineffective assistance for failing to object to the inclusion of criminal history points for a conviction that should have been characterized differently, and therefore not included in the criminal history calculation.

In his plea agreement, Dossie reserved his right to appeal the Court's assessment of criminal history points on a conviction for being in a place where drugs were sold. Dossie did not object to the assessment of criminal history points at his sentencing, but did appeal this issue to the United States Court of Appeals for the Sixth Circuit. On appeal, the Sixth Circuit concluded that petitioner's two prior convictions for occupying a drug premises "were properly counted in calculating his criminal history score . . ." Document 59 at p. 14. Because this issue was raised and considered on direct appeal, petitioner cannot now use a § 2255 motion to relitigate the issue. *Oliver v. United States*, 90 F.3d 177, 179-180 (6th Cir. 1996).

3) Ineffective assistance because counsel expressed a negative bias regarding the type of offense with which petitioner was charged.

Petitioner asserts in ground three of his § 2255 motion that his counsel, Mr. Summers, repeatedly expressed a negative bias regarding individuals who used or trafficked in crack

7

(5:07 CV 1696)

cocaine, which "likely resulted in [Mr. Summers'] failure to explore viable avenues of effective defense." Document 64 at p. 7. However, petitioner has not provided the Court with detailed and specific evidence of counsel's bias. Rather, petitioner provides only conclusory and unsupported assertions which are directly refuted in an affidavit submitted by Mr. Summers. See Document 69, Affidavit of William L. Summers. Additionally, petitioner's self-serving speculation that it was "likely" that counsel failed to explore viable defenses because of alleged bias falls far short of overcoming the presumption that Mr. Summer's performance was effective and/or that the outcome of the proceedings would have been different for the petitioner but for the alleged bias.

The Court concludes that there is insufficient evidence to establish that Mr. Summers failed to pursue viable defenses on petitioner's behalf. Therefore, petitioner is unable to satisfy the *Strickland* test for ineffective assistance of counsel.

4)      Ineffective assistance because counsel did not impeach the government's key witness as urged by petitioner because counsel maintained that the government already knew of the witness's legal troubles and that information would not effect the petitioner's case.

With respect to ground four of his motion, petitioner contends that he advised counsel of certain legal troubles of a government witness that he believed would have "significantly weakened" the government's case against him, but that counsel was aware of those issues and believed that those issues would not effect the case. At best, Dossie has established that counsel's professional judgment differed from petitioner's views regarding the effect of that witness information on the outcome of his case. Counsel's differing view is hardly a fact that would render counsel's judgment outside the realm of reasonably effective assistance. And even

8

(5:07 CV 1696)

if it were, petitioner himself states that the effect of counsel not pursuing that information would only have "significantly weakened" the government's case, but offers no evidence that the outcome of the proceeding would likely have been different.  Accordingly, ground four of petitioner's motion fails both prongs of the *Strickland* test for ineffective assistance of counsel.

5)	Ineffective assistance because counsel did not raise a speedy trial claim with respect to both pre-indictment and post-indictment delay.

In ground five of his amended motion, petitioner argues that he was not timely indicted or brought to trial pursuant to the pre-indictment and post-indictment provisions of 18 U.S.C. § 3161 *et seq.*

a.	Pre-Indictment

18 U.S.C. § 3161(b) provides in relevant part that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  Petitioner states that "the November 13, and November 20, 2002 charges that Petitioner was indicted on March 4, 2004[4] (as acknowledged by the government), first appear in an affidavit and criminal complaint which was filed with a federal district court on or before March 7, 2003." Document 70 at p. 2.  Petitioner argues that the affidavit and criminal charge on or about March 7, 2003, is the date from which the 18 U.S.C. § 3161(b) thirty day time period must be calculated.  He argues from this premise that his indictment on March 3, 2004, for the

---

[4] The Court's docket for Case No. 5:04 CR 110 indicates that the indictment (Document 1) was filed on March 3, 2004.

9

(5:07 CV 1696)

conduct on November 13 and 20, 2004, was beyond the thirty days required by the statute and therefore should have been dismissed with prejudice.

The affidavit to which petitioner refers was partially read into the record at the hearing the Court conducted on May 4, 2004, regarding Dossie's motion to dismiss and the government's motion in limine in Case No. 5:04 CR 110.  This affidavit was used to obtain a search warrant, the fruits of which led to a single count information[5] being filed for Dossie's conduct on or about March 7, 2003, in Case No. 5:03 CR 266.  However, an affidavit for a search warrant does not constitute an arrest or service with a summons which triggers the thirty day pre-indictment clock in 18 U.S.C. § 3161(b), and therefore is not relevant to petitioner's claim that the pre-indictment provision of the speedy trial act was violated.  Petitioner has not provided the Court with the "criminal complaint" to which he refers in his motion.

b.      Post-Indictment

Dossie contends that his indictment should have been dismissed because his plea was taken several days after the 70 day time limit of 18 U.S.C. § 3161(c) between indictment and trial.   The docket entries in Case No. 5:04 CR 110 reveals that: the indictment was filed March 3, 2004; Dossie filed a Motion to Dismiss on April 30, 2004; the Court conducted a hearing on the Motion to Dismiss on May 4, 2004 and rendered a decision on May 5, 2004.  Dossie pleaded guilty to both counts of the indictment on May 6, 2004, and signed a plea agreement that same day.  The Court approved the plea agreement on August 18, 2004.

---

[5] In it brief in response to petitioner's § 2255 motion, the government states that the one count Bill of Information filed in 5:03 CR 266 was negotiated with petitioner's retained counsel, Kirk Migdal.

(5:07 CV 1696)

Petitioner's indictment and guilty plea fall well within the provisions of 18 U.S.C. § 3161(c).  Petitioner's claim of ineffective assistance of counsel fails with respect to both pre- and post-indictment delay.

6)  Ineffective assistance because counsel did not raise a vindictive prosecution claim.

Dossie argues that the government's prosecution of him in Case No. 5:04 CR 110 was vindictive because he could have been charged with those offenses in Case No. 5:03 CR 266, which ended in acquittal.  He similarly argues that the government's filing of 21 U.S.C. § 851 enhancements also evidence vindictiveness.

"A defendant alleging prosecutorial vindictiveness must show either actual vindictiveness or a realistic likelihood of vindictiveness."  *United States v. Roach*, 502 F.3d 425, 443 (6th Cir. 2007)(quoting *United States v. Dupree*, 323 F.3d 480, 489 (6th Cir. 2003))(internal quotations omitted).  Dossie can show neither.

Petitioner has not produced any objective evidence of actual vindictiveness that the prosecutor acted in order to punish him for standing on his legal rights.  Dossie does not contend that the prosecutor did anything to deter the exercise of his rights in connection with Case No. 5:03 CR 266, and there is no evidence other than petitioner's conclusory statements that his prosecution in Case No. 5:04 CR 110 was punishment by the prosecutor for the exercise of his rights in Case No. 5:03 CR 266.  Dossie was acquitted by a jury in Case No. 5:03 CR 266 and that case same to its natural end.

The simple fact the government could have prosecuted him earlier with the offense charged in 5:03 CR 266, but brought the charges in 5:04 CR 110 after his acquittal in 5:03 CR

11

(5:07 CV 1696)

266, is insufficient to establish vindictive prosecution. *United States v. Poole*, 407 F.3d 767, 774 (6th Cir. 2005); *United States v. Esposito*, 968 F.2d 300, 302-304 (3rd Cir. 1992). Similarly, there is no evidence to suggest that the § 851 enhancement filing is related to any right exercised by Dossie in 5:03 CR 266.

Dossie has not established any evidence of vindictive prosecution. It follows, therefore, that petitioner is also unable to satisfy the *Strickland* test for ineffective assistance of counsel for failing to advance an argument regarding vindictive prosecution.

7.  Ineffective assistance because counsel did not object to the mandatory minimum sentence.

The minimum sentence for the offenses charged for the November 13 and 20, 2002 conduct was five years for each offense. The government filed a notice of enhancement pursuant to 21 U.S.C. § 851, regarding prior offenses that raised the minimum to ten years. Dossie asserts that it was incorrect for counsel to have advised him that the minimum sentence was ten years because he did not have an opportunity affirm or deny the convictions comprising the enhancement as required by 21 U.S.C. § 851(b). Therefore, he argues that the enhancement could not actually be used to raise the minimum sentence from five to ten years. Petitioner contends that he decided to plead guilty because he thought that the minimum sentence was ten years, when it was actually five years.

The government's notice of enhancement was filed prior to entry of petitioner's guilty plea pursuant to a plea agreement (Document 45). Paragraph 3 of the plea agreement states that each count of the two count indictment is punishable by a mandatory minimum sentence of five years. That same paragraph contains defendant's acknowledgment that the government was

(5:07 CV 1696)

invoking the penalty enhancement provisions of 21 U.S.C. § 851(a)(1), his affirmation of the prior drug penalty convictions detailed in subsections A and B of paragraph 3, and his acknowledgment that as a result of those prior convictions, the mandatory minimum for each count is enhanced from five years to ten years.

In its response to petitioner's § 2255 motion, the government points out that the issue of whether the court conducted a § 851(b) colloquy is irrelevant because 21 U.S.C. § 851(e) prohibited Dossie from challenging those prior conviction since they were both more than five years old. Document 69 at p. 26. In his reply, Dossie counters that § 851(e) does not eliminate the need for compliance with § 851(b). Document 70 at pp. 5-6.

This is not correct. "[N]either the statute nor reason 'requires a trial court to adhere to the rituals of section 851(b) where a defendant, as a matter of law [pursuant to § 851(e)], is precluded from attacking the conviction forming the basis of the enhancement information.'" *United States v. Hill*, 142 F.3d 305, 313 (6th Cir. 1998)(quoting *United States v. Nanez*, 694 F.2d 405, 413 (5th Cir. 1982)). A court's failure to comply with § 851(b) regarding prior convictions is harmless error when defendant is barred from challenging those convictions under § 851(e). *Id.*

Because the prior convictions relied upon for the § 851enhancements were more than five years old, petitioner was barred as a matter of law from challenging their validity pursuant to § 851(e). Accordingly, petitioner unable to satisfy the *Strickland* test for ineffective assistance of counsel on the basis that counsel did not challenge the mandatory minimum sentence.

13

(5:07 CV 1696)

## IV. CONCLUSION

The record in this case shows that petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, no evidentiary hearing is necessary. 28 U.S.C. § 2255; *Green v. United States* (6th Cir. 1995.) Accordingly, petitioner's request for an evidentiary hearing is denied, as is his request for appointment of counsel.

Petitioner has failed to meet his burden that he is entitled to relief under 28 U.S.C. § 2255 by demonstrating that an error of constitutional magnitude occurred resulting in a complete miscarriage of justice due to ineffective assistance of counsel in Case No. 5:04 CR 110. Petitioner has not offered any evidence or proof to overcome the presumption of reasonable effective performance and to demonstrate that the performance of his counsel fell below the standard of reasonable effective assistance with respect to any of the grounds asserted in his § 2255 motion. However, even if Dossie had established that his attorney(s) performance fell below this standard, his motion also fails to affirmatively prove prejudice by demonstrating a reasonable probability that he would have reached a different decision regarding his plea agreement. Petitioner has failed to carry his burden with respect to both prongs of the *Strickland* test for ineffective assistance of counsel. Accordingly, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied.

(5:07 CV 1696)

The Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. Pursuant to 28 U.S.C. § 2253(c), the Court declines to issue a certificate of appealability.

The Court will separately publish a judgment entry in this case.

IT IS SO ORDERED.


| January 2, 2008 | *S/ David D. Dowd, Jr.* |
|---|---|
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |